IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY RICHARD SPENCE,** ) | |
|     Petitioner, ) | Civil Action No. 12-107 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| **VENANGO COUNTY COURT OF** ) | |
| **COMMON PLEAS,** ) | |
|     Respondent. ) | |

# **OPINION AND ORDER**[1]

Before the Court is a petition for a writ of habeas corpus filed by Gregory Richard Spence pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is dismissed and a certificate of appealability is denied.

## **A.**     **Relevant Background**

Spence, who currently is on bail, is facing trial before the Court of Common Pleas of Venango County for: **Count One**, violating 75 Pa.C.S. § 3802(c) (Driving Under the Influence of Alcohol – Highest Rate of Alcohol); **Count Two**, violating 75 Pa.C.S. § 3802(a)(1) (Driving Under the Influence of Alcohol or Controlled Substance – General Impairment); and **Count Three**, violating 75 Pa.C.S. § 3714 (Careless Driving). He filed with the Court of Common Pleas a pre-trial motion in which he contended that he was entitled to be tried by a jury on Count One pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections Six and Nine of the Pennsylvania Constitution. [ECF No. 14-1 at 1-2]. The Court of Common Pleas denied his motion. It held:

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Defendant asserts that because the DUI charge at Count 1 places him in jeopardy of significant administrative and financial penalties over and beyond the possible jail term he is entitled to a jury trial under the Pennsylvania and Federal Constitutions.

This issue has been squarely addressed by the Superior Court in Commonwealth v. Kerry, 906 A.2d 1237 (Pa.Super. 2006). There, the court stated that "by setting the maximum authorized prison term at six months, the Legislature categorized the violation of § 3802(a)(1) as petty for purposes of a defendant's jury trial rights." Id. at 1239. Defendant is charged under § 3802(c) at Count 1; however, similar to § 3802(a)(1), the maximum penalty for a violation of this provision is set forth at 75 Pa.C.S. § 3803(b)(2), which provides:

> An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has no prior offense commits a misdemeanor for which the individual may be sentenced to *a term of imprisonment of not more than six months* and to pay a fine under section 3804.
> [Emphasis added].

Thus, having set the maximum term of imprisonment at six months, the legislature has clearly made the determination that a violation of § 3802(b) falls into the category of "petty" offenses, for which no right to a jury trial exists. Moreover, the existence of fines and administrative penalties beyond the jail term itself does not change our analysis. The Superior Court has made clear in Kerry that the six month maximum jail term is a bright line beneath which no right to a jury trial exists. Defendant offers not a single Pennsylvania authority which suggests a different conclusion, and counsel's personal conclusions as to the merit of the Superior Court's reasoning are no substitute for binding precedent.

[ECF No. 14-1 at 8-9].

Because the Court of Common Pleas' order denying the motion for a jury trial was interlocutory, it was not immediately appealable. Spence asked the court to amend its order to include language stating the importance of the question involved. According to Spence, if the court had granted his request, he could have filed a *Petition for Permission to Appeal* under Chapter 13 of the Pennsylvania Rules of Appellate Procedure. The Court of Common Pleas denied his request and, therefore, Spence's option was to file a *Petition for Review* under Chapter 15 of the Pennsylvania Rules of Appellate Procedure, which he submitted to the Superior Court of Pennsylvania. That court issued a one-sentence denial of

2

the petition. Spence then filed a *Petition for Review* with the Supreme Court of Pennsylvania, which denied it in a one-sentence order. [ECF No. 14-2 at 1-22].

Spence next filed with this Court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. He names as Respondent the Court of Common Pleas. Spence seeks an order from this Court declaring that he is being held in custody in violation of the Sixth and Fourteenth Amendments; that he is charged at Count One with a serious criminal offense to which the right to a jury trial attaches; and, that the Court of Common Pleas must either grant him a trial by jury on Count One or release him from custody on that count. [ECF No. 1 at 4].

Spence has filed supplemental briefing [ECF Nos. 14 and 17], and Respondent[2] has filed its response [ECF No. 15 and 18].

**B.** **Discussion**

"For state prisoners, federal habeas corpus is substantially a *post-conviction* remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citing Peyton v. Rowe, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court[.]" 28 U.S.C. § 2254(a). While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, *but only in very limited circumstances*. Brian R. Means, Federal

---

[2] Under the circumstances, the Court of Common Pleas may be the proper respondent in a habeas corpus action. See Reimnitz v. State's Attorney of Cook County, 761 F.2d 405, 409 (7th Cir. 1985) (circuit court of Cook County, which released the petitioner on bail, was proper custodian); see also Barry v. Bergen County Probation Dep't, 128 F.3d 152, 163 (3d Cir. 1997) (citing Reimnitz for the proposition that: "The important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit– namely, his unconditional freedom.")

3

Habeas Manual § 9C:2 (2014), available at Westlaw FEDHABMAN ("If … the petitioner is in custody pursuant to something *other than a judgment of a state court* (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, he may proceed under 28 U.S.C.A. § 2241.") (emphasis in original). "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F.App'x 3 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46).

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless … *[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]*" 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pre-trial confinement by arguing that he should not be in pre-trial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, see, e.g., United States v. Webb, 516 F.3d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, see, e.g., Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981).

Spence's case is not similar to the aforementioned types of cases, including Webb, which is the case upon which he relies. His claim before this Court does not implicate the constitutionality of his pre-trial custody. For this reason, he has not convinced this Court that it has jurisdiction to consider the claim that he raises here in a § 2241 pre-trial habeas petition. At this time, all that Spence can argue is that *if* he is convicted at Count One that his *post-conviction* custody would be unconstitutional because his right to a jury trial was (allegedly) violated. But as Respondent points out, it is purely speculative whether Spence will be convicted at Count One. He may not be, which is why his request for federal habeas relief in this Court is premature. For this reason alone, this case must be dismissed.

4

Alternatively, even if this Court has jurisdiction to consider Spence's jury trial claim under § 2241, he still must exhaust his remedies with respect to that claim in state court. "The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241." Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (citing Braden, 410 U.S. at 490-91). See also Moore, 515 F.2d at 442; Federal Habeas Manual § 9C:1 and § 9C:2. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Spence has not met his burden. He contends that he has exhausted his state court remedies because he filed petitions for review seeking an interlocutory appeal in the Superior Court and the Supreme Court of Pennsylvania. Respondent counters that Spence's appeal to the state appellate courts was premature and, therefore, they did not rule on the merits of his claim. Importantly, Respondent also points out that since Spence will be able to raise his claim to the state appellate courts on direct appeal in the event that he is convicted at Count One, he still has state court remedies available to him. Therefore, Respondent asserts, this Court cannot conclude that Spence has exhausted his claim.

Respondent's position is more persuasive. First, in order to show that he has satisfied the exhaustion requirement, Spence must demonstrate that he raised the claim at issue to the state appellate

5

courts through the proper vehicle, not just that he raised a federal constitutional claim before a state court at some point. See, e.g., O'Sullivan, 526 U.S. at 845 (a petitioner must have presented a claim through the "established" means of presenting a claim in state court at the time); Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007). Second, it is not disputed that Spence will have the opportunity to raise his claim on direct appeal in the event that he is convicted at Count One. Spence also acknowledges that if he files an appeal the Court of Common Pleas will be required to grant him bail pending his appeal. [ECF No. 17 at 7]. Therefore, he still has state remedies available to him and will be able to receive review of his claim while on bail. In the event the Superior Court denies his claim, he can file a petition for allowance of appeal with the Pennsylvania Supreme Court. If that court denies him review or denies his claim on the merits, he can file a petition for a writ of certiorari with the United States Supreme Court.

The United States Court of Appeals for the Third Circuit's decision in Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975) also is instructive. Moore, who was a state criminal defendant, brought a pre-trial habeas action in federal court in which he contended that his constitutional right to a speedy trial had been violated. Moore had filed with the state trial court a motion to dismiss the two indictments at issue, which the trial court denied. 515 F.2d at 441. Similar to Spence in this case, "Moore was not entitled, as of right, to appeal the pre-trial order of the state judge[.]" Id. at 444. Therefore, as Spence did in this case, Moore filed applications for leave to appeal the trial court's interlocutory order to the first level appellate court, and then to the New Jersey Supreme Court. Id. at 441, 444. Those applications were denied without a review of the merits of the claim. Id. at 444. Moore then "filed his petition for a Writ of Habeas Corpus in the district court asserting denial of the right to a speedy trial guaranteed by the Sixth and Fourteenth Amendments." Id. at 441. He argued that "since he has no further avenue for relief in the state court short of the trial itself" that he satisfied the exhaustion requirement. Id. at 442.

6

The Third Circuit Court rejected Moore's argument. It observed that Moore was not entitled, as of right, to appeal the trial court's interlocutory order and that the state appellate courts had denied his motions seeking interlocutory review. Id. at 444-45. Because Moore could raise his claim after the trial on appellate review, the Third Circuit Court concluded that Moore did not exhaust his state court remedies. Id. at 445. It further held "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443 (citations omitted). It then concluded that neither "the chronology of events leading to [Moore's] prosecution or the alleged denial of Moore's right to a speedy trial" "constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies." Id. at 446.

Based upon all of the foregoing, this Court concludes that Spence has not exhausted his state court remedies. This Court further concludes that he has not shown that there are "extraordinary circumstances" present in this case that would warrant pre-exhaustion review of the merits of his claim. Indeed, this case presents an even more compelling case for finding that Spence must wait until he is convicted at Count One and has been denied relief on direct appeal before he may proceed any further in federal habeas. That is because Moore was decided before Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a highly deferential standard for reviewing a claim of constitutional error raised in a post-trial habeas petition. Under AEDPA, a federal habeas court has the authority to issue a writ of habeas corpus only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254's standard of review will apply to any *post-trial* habeas petition that Spence will file in federal district court in the event the state appellate

7

court denies his constitutional claim on the merits. That is all the more reason not to permit Spence to litigate his claim prematurely in a *pre-trial* § 2241 petition in which this Court would review the claim *de novo* before the state appellate court had the opportunity to consider it on direct appeal.

Spence suggests that this case presents an "extraordinary circumstance" because if the state appellate court finds that his jury trial claim has merit, he will be subjected to the trauma of another trial on Count One. Once again, Spence's argument is entirely speculative. He also fails to cite any authority that has held that a state defendant is excused from the exhaustion requirement because, if he proceeded through the normal procedures and raised his claim to the state appellate court on direct appeal, he might get relief there with the result being a retrial.[3] If this Court accepts Spence's argument, it would mean that state defendants would be able to file pre-trial federal habeas petitions in which they could challenge any number of pre-trial rulings made by a state trial court. It would give federal habeas courts the ability to improperly interfere in the manner in which state criminal trials are conducted. It would run counter to the Third Circuit Court's caution of using pre-trial habeas relief sparingly. And, it would also undermine one of AEDPA's purposes, which is to encourage state prisoners to seek relief from state courts in the first instance. See, e.g., Rhines v. Weber, 544 U.S. 269, 274-77 (2005).

Finally, this Court also is persuaded by Respondent's argument that this Court should not interfere in Spence's state criminal trial for the additional reason that Younger v. Harris, 401 U.S. 37 (1970) precludes it. [ECF No. 18 at 1-3]. Younger abstention applies if the state proceeding is: (1) currently pending; (2) involves an important state interest; and (3) affords the petitioner an adequate opportunity to raise constitutional claims. See, e.g., Middlesex County Ethics Committee v. Garden

---

[3] In contrast to this case, the Commonwealth in Webb did not argue that Webb failed to exhaust his state court remedies or that his habeas petition was premature. 516 F.2d at 1037. In addition, in Webb the petitioner already had been through two mistrials prior to seeking federal habeas relief claiming that a third trial would violate his rights under the Double Jeopardy Clause. Under those circumstances, the Third Circuit Court concluded that Webb should not be subjected to "the trauma of an additional trial[.]" Id. Spence does not face the same circumstance here.

State Bar Ass'n, 457 U.S. 423, 432 (1982). All of these conditions are satisfied. There are two exceptions to Younger abstention: (1) the state proceedings are being undertaken in bad faith or for purposes of harassment; or, (2) some other extraordinary circumstances exist. Moore, 515 F.2d at 448; Lazaridis v. Wehmer, 591 F.3d 666, 670 n.4 (3d Cir. 2010). Spence has not demonstrated that either exception applies here.

**C.      Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be dismissed. Accordingly, a certificate of appealability shall be denied.

An appropriate Order follows.

                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge

cc:  Notice by ECF to counsel of record

and to,

The Honorable Robert L. Boyer of
The Court of Common Pleas of Venango County

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY RICHARD SPENCE, | ) | |
| Petitioner, | ) | Civil Action No. 12-107 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| VENANGO COUNTY COURT OF | ) | |
| COMMON PLEAS, | ) | |
| Respondent. | ) | |

# ORDER

AND NOW, this **3rd** day of **July**, **2014**;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge